IN THE MATTER OF MICHAEL ANGELO WILLIAMS

No. 7519DC713

(Filed 4 February 1976)

1. Infants § 10— delinquent minor — incarceration for 10 days — findings of fact required

The trial court erred in ordering respondent, a thirteen year old, incarcerated for ten days without finding facts justifying detention. G.S. 7A-286(3).

2. Infants § 10— second determination of delinquency — no denial of counsel — disposition at same time as adjudicatory hearing

The trial court did not enter a judgment in a prior action against respondent in which prayer for judgment had been continued on condition, without notice to respondent that the court's action was contemplated as respondent contended, but instead made a second determination of delinquency resulting from a shoplifting charge which was an entirely separate and distinct offense from that resulting in the first finding of delinquency and the earlier continued judgment; nor was respondent denied the right to counsel where he and his mother intelligently and understandingly waived counsel; moreover, respondent and his mother had notice that the hearing could result not only in a second determination of deliquency but in the disposition of the case as well. G.S. 7A-285.

APPEAL by respondent from *Montgomery, Judge.* Judgment entered 23 July 1975 in District Court, CABARRUS County. Heard in the Court of Appeals 13 January 1976.

In a juvenile petition, dated 31 January 1975, respondent, age thirteen, was alleged to be a delinquent child for the reason that he had broken into and entered a cafe in Kannapolis and stolen a quantity of merchandise. A juvenile summons was served on respondent and his mother ordering them to appear at an adjudicatory hearing.

In re Williams

Respondent was represented at the hearing by court appointed counsel. On 12 February 1975, Judge Warren entered an order finding respondent a delinquent child defined by G.S. 7A-278(2) in that he had broken into and entered the cafe and stolen merchandise therefrom as alleged in the petition. The court continued the matter for disposition pending a home investigation by the family court counselor.

On 12 March 1975, following a report of the investigation by the court counselor, respondent and his mother were summoned to appear for a dispositional hearing. Following a hearing at which respondent was represented by court appointed counsel, Judge Montgomery entered an order continuing prayer for judgment "from month to month for a period of one year" upon certain conditions. The conditions included requirements that respondent attend school and apply himself to his schoolwork, that he not violate any laws of this or any other state, that he not be out any night later than 10:00 p.m. and that he not associate with one Judy Williams at whose direction he was alleged to have acted.

In a second juvenile petition, dated 10 July 1975, respondent was alleged to be a delinquent child for the reason that he committed the offense of "shoplifting" on 29 June 1975. Pursuant to that petition, respondent, his mother and her husband were summoned to appear at an adjudication hearing. At that hearing, after being apprised of their right to counsel, respondent and his mother waived the right, and the court found that the waiver was voluntarily and understandingly made. Respondent admitted in open court that he was guilty of the shoplifting alleged in the petition.

The court entered judgment finding as a fact that respondent had committed the shoplifting act complained of and, based on that finding, determined respondent to a delinquent child. The judgment ordered that respondent be committed to the custody of the Sheriff of Cabarrus County and placed in quarters provided for juveniles in the county jail for a period of ten days, following which he would be released on probation for a period of two years under the supervision of the family court counselor subject to certain specified conditions. Respondent appealed from the judgment and counsel was appointed to represent him on appeal.

---

**In re Williams**

---

*Attorney General Edmisten, by Assistant Attorney General William Woodward Webb, for the State.*

*Davis, Koontz & Horton, by Clarence E. Horton, Jr., for respondent appellant.*

BRITT, Judge.

[1]  By his first assignment of error, respondent contends the court erred in ordering him incarcerated for ten days without finding facts justifying detention. The assignment has merit.

G.S. 7A-286(3) in pertinent part provides: " . . . No child shall be held in any juvenile detention home or jail for more than five calendar days without a hearing to determine the need for continued detention under the special procedures established by this Article. If the judge orders that the child continue in the detention home or jail after such a hearing to determine the need for continued detention, the court order shall be in writing with appropriate findings of fact."

It is clear that the quoted portion of G.S. 7A-286(3) governs respondent's appeal. Therefore, that portion of the judgment providing for ten days' confinement is vacated and the cause will be remanded to the district court for entry of judgment in compliance with the statute.

[2]  In his second assignment of error, respondent contends the court erred "in entering a judgment in a prior action against [him] in which prayer for judgment had been continued on condition, without notice to [him] that the court's action was contemplated, and without affording him an opportunity to be represented in that matter by his court appointed attorney of record." In his third assignment of error, he contends the court erred in entering a dispositional order immediately after the adjudicatory hearing in which respondent was adjudged delinquent when the summons gave notice only of an adjudication hearing. We find no merit in either of these assignments and since they are interrelated, we will discuss them together.

While the conditions upon which the earlier judgment was continued were considered by the court in rendering the judgment appealed from, at the time the latter judgment was entered, respondent was before the court for an entirely separate and distinct offense. We conclude that the latter judgment was

based on the court's second determination of delinquency resulting from the shoplifting charge.

At the hearing on that charge, respondent and his mother waived the right to counsel and the court found that the waivers were intelligently and understandably made. *State v. Boyd,* 287 N.C. 131, 214 S.E. 2d 14 (1975) ; *State v. Silver,* 286 N.C. 709, 213 S.E. 2d 247 (1975) ; *See, e.g., McKeiver v. Pennsylvania,* 403 U.S. 528, 29 L.Ed. 2d 647, 91 S.Ct. 1976 (1971) ; *In re Gault,* 387 U.S. 1, 18 L.Ed. 2d 527, 87 S.Ct. 1428 (1967).

With respect to notice, we think respondent and his mother were sufficiently informed that the hearing on 23 July 1975 could result not only in a second determination that respondent was delinquent, but in the disposition of his case as well. G.S. 7A-285 provides that a juvenile hearing "shall be a simple judicial process" and further provides as follows: " . . . At the conclusion of the adjudicatory part of the hearing, the court may proceed to the disposition part of the hearing, or the court may continue the case for disposition after the juvenile probation officer or family counselor or other personnel available to the court has secured such social, medical, psychiatric, psychological or other information as may be needed for the court to develop a disposition related to the needs of the child or in the best interest of the State. . . . " We hold that respondent was afforded due process during the 23 July 1975 hearing before Judge Montgomery.

Except for the ten days' confinement provision, the judgment appealed from is affirmed.

Judgment vacated in part and cause remanded.

Chief Judge BROCK and Judge MORRIS concur.